IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JOHNSON, | : | CIVIL ACTION NO. **3:CV-03-2277** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| BENJAMIN TOWNSEND, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

On December 15, 2003, Plaintiff, currently an inmate at the State Correctional Institution at Rockview ("SCI-Rockview"), filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is proceeding *pro se*. Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 48). Plaintiff filed a Second Amended Complaint on December 21, 2004. (Doc. 46).[2]

**I. Discussion.**

*A. Background.*

On March 3, 2004, Plaintiff filed a Declaration in Support of Motion for a Temporary Restraining Order and Preliminary Injunction with the Court **(Doc. 22),** which was construed as a Motion for Injunctive Relief since no motion was filed with this Court. The Plaintiff filed his support brief on March 8, 2004. (Doc. 23). There is no indication that either of these two filings were

---

[1]The Plaintiff subsequently filed a motion to file an amended complaint and a motion to file a supplemental complaint. (Docs. 21 & 31).

[2]The Court has dismissed the claims against the Defendants in their official capacities. (Doc. 48). This case is proceeding as against ten (10) Defendants, namely Townsend, Tennis, Winkleman, Sowash, Burks, Russ, Rackovan Leathers, Hoover and Dulaney. (Doc. 46). All of the Defendants are prison staff members at SCI-Rockview. (Doc. 60, p. 1).

served on the Defendants by the Plaintiff.  (Docs. 22, 23).   The Plaintiff was then permitted to proceed on his second amended complaint, and service of it on Defendants was directed on December 22, 2004.  At this time, the Plaintiff's injunction motion was not served on either the Defendants nor their counsel, who had not yet entered an appearance.  (Doc. 56).  Consequently, on March 1, 2005, we directed service of the Plaintiff's injunction motion and support brief on the Defendants for their response.  (Doc. 52).

On April 7, 2005, the Defendants filed their opposition brief to the Plaintiff's injunction motion.  (Doc. 60).  On April 13, 2005, the Plaintiff filed a second declaration in support of his stated motion.  (Doc. 61).  The Plaintiff's  injunction motion is now ripe for disposition.

As stated, the Plaintiff has filed a Brief in Support of his Motion for Preliminary Injunction as required by Local Rule 7.5, M.D. Pa.  (Doc. 23).[3]  We directed the Defendants to respond to Plaintiff's Motion. (Doc. 52).  Defendants have submitted their Brief in Opposition to Plaintiff's Motion for Preliminary Injunction.  (Doc. 61).  The Plaintiff filed a second support declaration in response to Defendants' Brief.[4]  (Doc. 61).  The Motion is presently ripe for disposition.[5]

On April 20, 2005, the Plaintiff filed a Motion to Withdraw his Motion for TRO and

---

[3]According to the docket, the Clerk of Court did not issue the Summons regarding the Plaintiff's second amended complaint until March 1, 2005.  The Defendants were sent the waiver of service forms on March 2, 2005, and their responses to the Plaintiff's second amended complaint are not due until May 2, 2005. (Doc. 55). At this time, we directed the Clerk to serve the Defendants with the Plaintiff's present request for injunctive relief.  (Doc. 52).

[4]The Plaintiff did not  submit any exhibits in support of his  Motion. (Docs. 22, 23 & 61).

[5]Since the Plaintiff's Motion seeks injunctive relief, the undersigned must issue a Report and Recommendation as opposed to an Order.  *See* 28 U.S.C. § 636(b)(1)(A).

Preliminary Injunction. (Doc. 62). The Plaintiff states that if he is transferred to another prison, a request he has made in his injunction motion, then he will not be able to obtain pertinent evidence to support his motion. The Plaintiff also states that if he is transferred, it may delay his upcoming parole hearing. (*Id.*).

Notwithstanding the Plaintiff's recent Motion to Withdraw, we shall recommend that the Plaintiff's injunction motion be denied on its merits. As discussed below, the Plaintiff has no right to a transfer to another prison. Thus, the reason of Plaintiff to avoid a transfer is not a basis to withdraw his injunction motion. In any event, only the Plaintiff's request for a transfer could be deemed withdrawn.

Further, it appears that the Plaintiff will be re-filing an injunction motion if his present motion is withdrawn, based on the same claims, after he tries to obtain supportive evidence. However, as will be discussed, we find that the Plaintiff's present claims are not sufficient to warrant the granting of injunctive relief.[6] Therefore, insofar as the Plaintiff seeks to withdraw his injunction motion, we recommend that this request be denied.

In his Motion, the Plaintiff states that he is continuously being subjected to threats, harassment and retaliation and has been so threatened for the past nine (9) months (*i.e.* June, 2003 to March, 2004) by inmates and by Defendant Townsend due to his filing of a grievance against Townsend which was the basis for the instant action. (Doc. 22, p. 1). Plaintiff states that he has

---

[6]We also note that, as of April 11, 2005, the Plaintiff was still claiming that he was being subjected to "a pattern of irreparable and ongoing harm" which has existed over the past 22 months. (Doc. 61, p. 2, ¶ 7). Based on Plaintiff's claims of ongoing harm, we find that disposition of his injunction motion on the merits is required.

3

complained about the alleged threats, harassment and retaliation to the prison administrative personnel and has expressed his concern for his safety and health, but to no avail. (*Id*.). Plaintiff states that on January 14, 2004, Defendant Townsend told him "it's a time to kill." (*Id*., p. 2, ¶ 5.). Plaintiff claims that the prison administration did nothing about the alleged threat since he could not substantiate his claim.

On February 12, 2004, the Plaintiff claims that Defendant Townsend "began to glare at me then smiled and walked away" as Plaintiff attempted to eat in the dining room. (*Id*., ¶ 7.). The Plaintiff states that "on information and belief" Defendant Townsend told other inmates "to 'go see' me because I was responsible for the new work restrictions" and that this Defendant instructed another inmate "to assault an inmate because he snitched on him." (*Id*., ¶'s 8.-9.). The Plaintiff does not claim that Defendant Townsend instructed the other inmate to assault him. The Plaintiff also claims that he fears to go eat because he feels that he may be subjected to more harassment, retaliation and threats by Defendant Townsend or inmates acting on his behalf. Plaintiff claims to have lost "an extreme amount of weight" and to have recurring migraine headaches, blurred vision due to anxiety, stress and not getting the proper diet since he is afraid to go eat. (*Id*., ¶'s 10.-11.). Plaintiff states that he feels that his present and future health and safety are at risk of harm.

In his second declaration, Plaintiff states that the threats, harassment and retaliation he is enduring are ongoing and that he seeks immediate transfer to another prison. (Doc. 61). The Plaintiff claims that the prison food service staff have warned him that he was not safe in the culinary department and that he "was pissing a lot of people off." Plaintiff states that he was warned to watch his back. Plaintiff also states that Defendant Winkleman, while near the entry to the culinary

building, "began staring intensely at the Plaintiff." (*Id.*, p. 1, ¶ 4.). The Plaintiff also states that Defendant Townsend "began staring intensely at the Plaintiff" in the tin shop and that the Defendant followed him and continued to stare at him as he exited the culinary building. Plaintiff states that another prison staff in the food service aggressively swung open a door and almost hit him. The Plaintiff states that he has now been subject to such threats and harassment for over 22 months. (*Id.*, ¶'s 5.-7.).

As noted, the Plaintiff offers no evidence in support of any of his claims, such as medical records from the prison indicating loss of weight or continuing migraine headaches. Nor does Plaintiff claim that he has been assaulted by any prison staff member or by any fellow inmate.

The Plaintiff seeks that this Court order the Defendants to cease all forms of threats, harassment and retaliation against him and to order the Defendants to transfer him to another State Correctional Institution. (Doc. 22, p. 3).

In Plaintiff's present filings, he does not contend that the Defendants have deprived him of his food or have refused to feed him while he has been incarcerated at SCI-Rockview. (Docs. 22, 23 & 61). Rather, the Plaintiff argues that "he is too afraid to go eat for fear that he will be harmed in some fashion by Defendant Townsend or inmates working in concert with Defendant Townsend." (Doc. 23, p. 2). Consequently, the Plaintiff states that he suffers from migraine headaches, depression and extreme weight loss. (*Id.*). The Plaintiff claims that Defendant Townsend's alleged conduct was in retaliation for his filing a grievance against him.[7]

As stated, the Plaintiff does not aver that this Defendant deprived him of his meals or

---

[7] Doc. 22, p. 1, ¶ 2.

assaulted him. However, the Plaintiff does claim that this Defendant along with other Defendants and prison staff members are harassing him and threatening him by staring at him intensely. Plaintiff characterizes the Defendants' alleged conduct as retaliatory, since he attributes it to his commencement of a grievance against Townsend. The Plaintiff also alleges that he has been warned that the Defendants' "Friends are going to be gunning for him [Plaintiff]." (Doc. 61, ¶ 3.). Additionally, the Plaintiff states that the Defendants retaliated against him by following him and by staring at him. (*Id.*, ¶'s 4.-5.).

B. *TRO Standard*

The Court in *Bieros v. Nicola*, 857 F. Supp. 445 (E.D. Pa. 1994), set forth the standard for considering a TRO Motion. The Court stated as follows:

> In order to succeed under Rule 65(b), it must clearly appear from "specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." Fed.R.Civ.P. 65(b) (1994). The standards for a temporary restraining order are the same as those for a preliminary injunction. *Friedberg v. Burns*, No. CIV. A. 93-6626, 1993 WL 533361, at 3 (E.D. Pa. Dec. 16, 1993). Thus, plaintiff must demonstrate: 1) a likelihood of success on the merits, 2) the probability of irreparable harm if the relief is not granted, 3) that granting injunctive relief will not result in even greater harm to the other party and 4) that granting injunctive relief will be in the public interest. *Frank's GMC Truck Center, Inc. v. G.M.C.*, 847 F.2d 100, 102 (3d Cir. 1988); *Ecri v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987). In defining irreparable harm, it is not enough to establish a risk of irreparable harm, rather, there must be a clear showing of immediate irreparable injury. *Ecri*, 809 F.2d at 226 (citations omitted). Nor is it enough for the harm to be serious or substantial, rather, it must be so peculiar in nature that money cannot compensate for the harm. *Id.* (citations omitted).

*Bieros*, 857 F. Supp. at 446; *See also Saluck v. Rosner*, 2003 WL 559395 (E.D. Pa.) at * 2.

6

*C. Preliminary Injunction*

Injunctions may issue in only exceptional and extraordinary circumstances. *Parent v. Whinston*, 347 F. Supp. 471, 472 (E.D. Pa. 1972), *citing Miller v. Standard Nut Margarin Co.*, 284 U.S. 498 (1932). The grant or denial of a motion for a preliminary injunction is within the sound discretion of the district judge. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443, *citing Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.*, 630 F.2d 120, 136 (3d Cir. 1978), *cert. denied*, 449 U.S. 1014 (1980). A preliminary injunction is not granted as a matter of right. *Id.*

The moving party must demonstrate: (1) the likelihood of success on the merits; (2) that the party will suffer irreparable harm by the denial of the injunction; (3) that granting the relief will not result in even greater harm to the other interested party; and (4) the public interest will not be adversely affected by the granting of relief. *Ecri v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987); *In Re Arthur Treacher's Franchise Litigation*, 689 F.2d 1137, 1143 (3d Cir. 1982). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *Arthur Treacher's*, 689 F.2d at 1143.

A court may not grant a preliminary injunction when the issues raised in the motion for a preliminary injunction are entirely different from those raised in the complaint. *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-199 (2d Cir. 1985). "Because the purpose of preliminary injunctive relief is to maintain the status quo or prevent irreparable injury pending the resolution of an underlying claim on the merits, the injury claimed in a motion for such relief must necessarily relate to the conduct alleged and permanent relief sought in a plaintiff's complaint." *Africa v. Vaughn*, Civ. No. 96-649, 1996 WL 677515, at p.1 (E.D. Pa. Nov. 21, 1996)

*citing Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Stewart*, 762 F.2d at 198-199; *Penn v. San Juan Hospital*, 528 F.2d 1181, 1185 (10th Cir. 1975).

*D. Analysis*

The Defendants argue (Doc. 60, pp. 5-6) that the Plaintiff has failed to meet his burden of establishing he will suffer irreparable harm since he has made only vague allegations about Defendant Townsend that he has verbally harassed him and has stared at him. Also, as mentioned, while the Plaintiff has alleged an actual injury, he has not substantiated any of his claims regarding his health. As Defendants state, the Plaintiff "has not presented any evidence showing that he is subject to any danger of starvation. ... "he has not stated [or proven] how much weight he allegedly lost due to Defendant Townsend's actions." (*Id*.).

The Defendants also argue that the Plaintiff's claim of speculative injury is insufficient to sustain his present Motion. The Plaintiff argues that he "is threatened with irreparable harm because he can no longer go eat without the imminent fear he may be assaulted or retaliated against" by Defendant Townsend. (Doc. 23, p. 3). The Plaintiff claims that there is a possibility he may be assaulted, which has caused him to avoid the dining hall to eat, and that he "may potentially develop other health problems in the future due to malnutrition." (*Id*.). Thus, the Plaintiff states that there is actual harm in his case. The Plaintiff also states that there is irreparable harm, since he claims the Defendants have caused him to fear going to the dining hall. However, as stated, the Plaintiff does not claim that any Defendant deprived him of meals as retaliation. We agree with the Defendants that Plaintiff's speculative unsubstantiated claims of injury do not suffice.

While the Plaintiff does allege that Defendants have stared at him and claims that he was too

fearful to go to the dining hall to eat, he does not allege that any Defendant refused to provide him meals while at SCI-Rockview (*i.e.*, a refusal to feed in retaliation for his grievance against Defendant Townsend).  Nor does Plaintiff claim that he was not given meals by the Defendants, and he does not show that he is in danger of suffering an immediate or future harm or injury.  We also find that Plaintiff has not offered sufficient support for his claim that he is in danger of a potential injury from the Defendants.  Plaintiff avers that primarily due to Defendant Townsend's staring at him when he was in the dining room, he has been too afraid to go there to eat.  He does not claim that he was deprived of any of his food by the prison staff or that he was not allowed to enter the dining room at any time.  We fail to see how this shows that our Plaintiff is likely to suffer from actual or recurring injury or threat of injury from the Defendants.  Thus, we do not find that the Plaintiff has shown irreparable harm or the possibility of future harm if his Injunction Motion is denied.  Further, the Plaintiff has not sufficiently established that, even if his allegations are true, he was deprived of his meals by any Defendant.

As Defendants argue (Doc. 60, pp. 5-6), the Plaintiff's injury or threat of injury must be real and immediate.  *See Golden v. Zwickler*, 394 U.S. 103, 109-110 (1969) (to show an actual controversy, facts must be alleged of "sufficient immediacy and reality").  Plaintiff fails to show that he has a present injury or threat of injury attributable to the Defendants since he has not been prevented from eating in the dining room and there is no proof that there is any likelihood of harm to his health in the immediate future in light of the absence of any medical records or supporting documents.  In fact, Plaintiff has offered no evidence to support his claim that he is in danger of irreparable harm or a recurring injury by the Defendants at SCI-Rockview.  Based on the facts alleged

by the Plaintiff in his Motion, under all of the circumstances, we do not find that there is a "sufficient immediacy and reality" to warrant the issuance of injunctive relief. *Id.*

Since we find that the Plaintiff is not likely to suffer irreparable harm by denying his injunction request, as he is no proven immediate danger of sustaining a real injury and he has not shown that he is in imminent harm, we shall recommend that his Motion for Injunctive Relief be denied. *See Arthur Treacher's*, 689 F.2d at 1143.[8]

## II. Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's Motion for TRO and Preliminary Injunction **(Doc. 22)** be denied. It is also recommended that Plaintiff's Motion to Withdraw his Motion for TRO and Preliminary Injunction **(Doc. 62)** be denied. It is further recommended that the matter be remanded to the undersigned for further proceedings.

                                                s/ Thomas M. Blewitt
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: April 25, 2005**

---

[8] We note that insofar as Plaintiff seeks this Court to order his transfer to another State Correctional Institution, it is within the discretion of the Department of Corrections ("DOC") to designate the place of incarceration of inmates under its authority, and that inmates have no right to be confined in any specific prison and have no right to a transfer *See, e.g., Robinson v. Benson*, 570 F. 2d 920 (10th Cir. 1978) (Inmate has no right to choose his place of confinement and he may be transferred for any reason or no reason at all); *Olim v. Wakinekona*, 461 U.S. 238 (1983). We also note that judicial review of an administrative decision by the DOC, such as whether to transfer a prisoner to another institution, is limited to whether there is a denial of due process or a clear showing of arbitrary and capricious action. *See Marchesani v. McCune*, 531 F. 2d 459 (10th Cir. 1976), *cert. denied*, 429 U.S. 846.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JOHNSON, | : | CIVIL ACTION NO. **3:CV-03-2277** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| BENJAMIN TOWNSEND, et al., | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 25, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                   **s/ Thomas M. Blewitt**
                                                   **THOMAS M. BLEWITT**
                                                   **United States Magistrate Judge**

**Dated: April 25, 2005**