# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID JOHNSON,

    Plaintiff,

    v.

BENJAMIN TOWNSEND, et. al.,

    Defendants.

CIVIL ACTION NO. 3:03-CV-2277

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court are Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 69), and Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. 72).  For the reasons set forth below, Plaintiff's Objections to the Magistrate's Report and Recommendation will be overruled and the Court will adopt the Report and Recommendation.  Therefore, Defendant's Motion to Dismiss (Doc. 64) will be granted in part and denied in part as detailed in the Report and Recommendation.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the

statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

In his objections, Plaintiff states that he does not object to the dismissal of his Eighth Amendment claim against Defendant Townsend for staring and harassment.  Therefore, I will adopt that portion of the report without discussion.

**1.    Due Process Claims - Entitlement to Inmate Compensation and Days Off**

Plaintiff, first, objects to the recommendation that his constitutional due process claims be dismissed.  The report recommended dismissal of Plaintiff's due process claims because: (1) Plaintiff does not have a constitutional property right to compensation under the Due Process Clause of the Fourteenth Amendment; (2) Plaintiff does not have a liberty interest in compensation under the Due Process Clause of the Fourteenth Amendment; (3) Plaintiff does not have a property interest in his days off or hours worked; and (4) Plaintiff does not have a liberty interest in his days off or hours worked.

In his objections, Plaintiff does not argue that he has a constitutional property right to compensation, or his days off and hours worked, under the Due Process Clause of the Fourteenth Amendment.  Therefore, I will adopt those portions of Magistrate Judge

Blewitt's report without further discussion. However, Plaintiff does argue that he has a liberty interest under the Due Process Clause in both his compensation and his days off or hours worked. Specifically, Plaintiff argues that "[b]eing forced to work in excess of five-hundred-seventy (570) days straight, and in excess of five-thousand (5000) hours, while not being compensated for over fourteen-hundred (1400) hours, all without a single day off, clearly shows an atypical and significant hardship in relation to ordinary incidents of prison life . . . ." (Doc. 77 at 3.)

      A protected liberty interest can arise from one of two sources: the Due Process Clause itself or the laws and regulations of a state. *See, e.g., Maples v. Boyd*, No. 03-6325, 2004 U.S. Dist. LEXIS 15988, at *14 (E.D. Pa. August 9, 2004) (citing *Asquith v. Dep't of Corrections*, 186 F.3d 407, 409 (3rd Cir. 1999). The Supreme Court has consistently held that "as long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (alteration in original) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). Furthermore, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that a prisoner is deprived of a state-created liberty interest only if the deprivation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. In order to determine whether a deprivation creates an "atypical and significant hardship," the court must consider "what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction

3

in accordance with due process of law." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997).

It is clear that Plaintiff does not have a liberty interest in compensation and his days off or hours worked which arises from the Due Process Clause itself, as the conditions and degree of confinement to which Plaintiff was subjected are within the sentence imposed upon him.  Further, as Magistrate Judge Blewitt correctly determined, Plaintiff has not been deprived of a state-created liberty interest.  Even assuming arguendo that the DOC policy creates a liberty interest in Plaintiff's compensation and days off or hours worked, an atypical and significant hardship has not been imposed on Plaintiff.

As Magistrate Judge Blewitt correctly noted, it is well settled that inmates have no constitutional right to compensation. *Murray v. Miss. Dep't of Corr.*, 911 F.2d 1167, 1167-68 (5th Cir. 1990) ("Compelling an inmate to work without pay is not unconstitutional...compensating prisoners for work is not a constitutional requirement but, rather, is by the grace of the state").  Additionally, "[t]here is no federally protected right of a state prisoner not to work while imprisoned after conviction . . . ." *Stiltner v. Rhay*, 322 F.2d 314, 315 (9th Cir. 1963); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3rd Cir. 1999).  As such, a sentenced inmate may reasonably expect to be required to work without compensation as a result of his conviction.  Moreover, I find that Plaintiff's required work schedule of approximately nine and half hours a day, seven days a week, does not rise to a level beyond which a sentenced inmate may reasonably expect to be required to work.  Plaintiff's work conditions are simply not an atypical or significant hardship from which Plaintiff is entitled to constitutional protection.  Therefore, Plaintiff's

due process claims were properly dismissed and I will adopt this portion of Magistrate Judge Blewitt's report.

**2.      Cruel and Unusual Punishment in Plaintiff's Work Assignment**

Second, Plaintiff objects to the recommendation that his Eighth Amendment claims for cruel and unusual punishment in Plaintiff's work assignment be dismissed. The report recommended dismissal of Plaintiff's claim because: (1) Plaintiff has not alleged extreme hardship with respect to the hours he worked; and (2) Defendant Townsend's alleged threats to issue Plaintiff a misconduct if Plaintiff did not show up for work on his days off, are insufficient to state a constitutional claim under the Eighth Amendment.

As Magistrate Judge Blewitt correctly noted, the Eighth Amendment does not apply to inmates in a work environment unless they are required to perform physical labor which is beyond their strength, endangers their lives or health, or causes undue pain. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994).  Plaintiff asserts that due to the number of hours and consecutive days he was required to work, he was physically and mentally exhausted and he was "constantly stressed and on edge and felt like he was being worked to death." (Doc. 72 at 5.)  Plaintiff does not, however, assert that his work schedule was used for punitive purposes, or that he was subjected to undue pain or physical labor beyond his strength.  As such, Plaintiff has failed to allege extreme hardship with respect to his work assignment.

Furthermore, as Magistrate Judge Blewitt noted, harassment is insufficient to state a constitutional deprivation. *Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa 1993). Thus, Defendant Townsend's alleged threats to issue Plaintiff a misconduct if Plaintiff did

not show up for work on his days off, are insufficient to state a constitutional claim under the Eighth Amendment. Therefore, I will adopt this portion of Magistrate Judge Blewitt's report.

### 3. Sovereign Immunity

Lastly, Plaintiff objects to the recommendation that Defendants Sowash, Winkelman, Tennis and Leathers are immune from Plaintiff's state law claims against them. The report recommended dismissing the claims against these Defendants based on sovereign immunity, as Defendants' were acting within their official capacity in handling Plaintiff's work conditions and grievance. Plaintiff asserts that Defendants should not be entitled to immunity because they either failed in their official capacities to investigate, remedy, and/or stop Defendant Townsend's conduct; or they chose to enforce and implement his practices.

A Commonwealth employee is only protected by sovereign immunity, notwithstanding the nine exceptions in 42 Pa.C.S. § 8522,[1] for acting within the scope of his office or employment. Thus, a Commonwealth employee is still liable for willful misconduct committed outside the scope of his office or employment. *See, e.g., Watkins*

---

[1] The exceptions as enumerated in 42 Pa. C.S. 8552(b)(1)-(9) are: (1) operation of any motor vehicle in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) care, custody or control of personal property in the possession or control of Commonwealth parties; (4) dangerous condition of Commonwealth agency real estate and sidewalks; (5) dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements; (6) care, custody or control of animals in the possession or control of a Commonwealth party; (7) sale of liquor at Pennsylvania liquor stores; (8) acts of a member of the Pennsylvania military forces; and (9) administration, manufacture and use of a toxoid or vaccine.

*v. Pa. Bd. of Prob. & Parole*, No. 02CV2881, 2002 U.S. Dist. LEXIS 23504, at *24 (E.D. Pa. November 25, 2002).

Plaintiff, clearly, fails to contend that Defendants Sowash, Winkelman, Tennis and Leathers acted outside the scope of their office or employment. As Magistrate Judge Blewitt correctly concluded, Defendants Sowash, Winkelman, Tennis and Leathers were acting within their official capacities in handling Plaintiff's grievances and work conditions. As such, these Defendants are entitled to immunity.

Magistrate Judge Blewitt also determined that Defendant Townsend was not entitled to immunity from Plaintiff's state law claims because he acted outside the scope of his office or employment by allegedly inciting violence within a penal institution through spreading rumors and staring. I agree. Therefore, I will adopt this portion of the report in its entirety.

## CONCLUSION

Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. 72) will be overruled and the Court will adopt the Report and Recommendation (Doc. 69). Therefore, Defendant's Motion to Dismiss (Doc. 64) will be granted in part and denied in part as detailed in the Report and Recommendation.

An appropriate Order follows.

| | |
|---|---|
| November 8, 2005 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID JOHNSON,

    Plaintiff

    v.

BENJAMIN TOWNSEND, et. al.,

    Defendants.

NO. 3:03-CV-2277

(JUDGE CAPUTO)

## ORDER

**NOW**, this ___8th___ day of November, 2005, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 69) for clear error or manifest injustice, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. 72) are **OVERRULED**.

(2) The Report and Recommendation (Doc. 69) is **ADOPTED**.

(3) Defendant's Motion to Dismiss (Doc. 64) is **GRANTED in part** and **DENIED in part**:

The following claims are dismissed:

    (1) Plaintiff's due process claims against the Defendants with respect to Plaintiff's allegations of being required to work on his days off and without compensation, and his claims that Defendants Tennis, Rackovan, and Burks were deliberately indifferent with respect to responding to Plaintiff's constitutional claim that he did not receive due process;

    (2) Plaintiff's Eight Amendment claims for cruel and unusual punishment in Plaintiff's work assignment;

    (3) Plaintiff's Eighth Amendment claim against Defendant Townsend for staring and harassment;

        (4)      Plaintiff's due process and State Law claims against Defendants Sowash and Winkleman; and

        (5)      Plaintiff's State negligence claims against Defendants Leathers, Tennis, Sowash and Winkleman.

The following claims remain:

        (1)      Plaintiff's First Amendment retaliation claim against Defendant Townsend.

        (2)      Plaintiff's Eighth Amendment claims against Defendant Townsend in relation to inciting harassment from other inmates as against Plaintiff;

        (3)      Plaintiff's deliberate indifference claim against Defendants Rackovan, Tennis, Burks and Leathers, with respect to their responses to Plaintiff's grievances concerning retaliation by Defendant Townsend;

        (4)      Plaintiff's state law claims against Defendant Townsend; and

        (5)      All claims against Defendants Hoover and Dulaney.

(4)      This case is remanded to Magistrate Judge Thomas M. Blewitt for further proceedings

                      /s/ A. Richard Caputo
                      A. Richard Caputo
                      United States District Judge